# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ALLSTATE INSURANCE CO., as subrogee of Frank M. Sornson, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 09 C 1517 ) |
| TOYOTA MOTOR MANUFACTURING NORTH AMERICA, INC., | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Allstate Insurance Company, as subrogee of Frank M. Sornson, has sued Toyota Motor Manufacturing North America, asserting claims of strict liability in tort, negligence, and breach of warranty. Allstate's claims arise out of a September 2007 fire in Sornson's Toyota minivan. Toyota has moved to dismiss count three of Allstate's complaint, in which it asserts a claim of breach of warranty, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court grants Toyota's motion.

## Background

The Court takes the following facts from the allegations in Allstate's complaint. Toyota designed, manufactured, assembled, distributed or sold the minivan. Sornson purchased it from a Toyota dealer in Naperville. On or about September 18, 2007, a fire started in the minivan while it was parked in Sornson's garage with the ignition off

and with the doors and windows closed. The fire allegedly was caused by a malfunction, defect or manufacturing error in the minivan's electrical system. The fire resulted in over $600,000 in damage to Sornson's home, the Toyota minivan, and a 2003 Hyundai Santa Fe wagon.

Before September 18, 2007, Allstate had issued Sornson a residential property insurance policy for his home and an automobile policy for the Toyota minivan and the Hyundai. After the fire, Allstate made payments to Sornson in the amount of $605,525.12 under the insurance policies. Allstate is now subrogated to Sornson's rights to recover from responsible third parties. Allstate has sued Toyota, alleging that it is legally liable for the damages to Sornson's property.

## Discussion

When considering a motion to dismiss a complaint, the Court accepts the facts stated in the complaint as true and draws reasonable inferences in favor of the plaintiff. *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). To survive a motion to dismiss under Rule 12(b)(6), the complaint must include enough facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009); *Bissessur v. Ind. Univ. Bd. of Trs.,* No. 08-3504, 2009 WL 2902076, at *2 (7th Cir. Sept. 11, 2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "This said, in examining the facts and matching them up with the stated legal claims, [a court] give[s] 'the plaintiff the benefit of imagination, so long as the hypotheses are consistent with the complaint.'" *Bissessur*, 2009 WL 2902076, at *2 (quoting *Sanjuan v. Amer. Bd. of*

2

*Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)).

Toyota argues that Allstate has not alleged that Sornson suffered any personal injury and that as a result, it cannot sue based on implied warranty absent privity of contract between Sornson and Toyota. Toyota contends that there is no such privity because it did not directly sell the minivan to Sornson. Allstate concedes that the privity requirement applies to claims for recovery of economic loss and that the damage to the minivan falls within that category. It argues, however, that the damage to Sornson's other property is not pure economic loss and thus the privity requirement does not apply. Toyota concedes that the damage to Sornson's other property does not constitute economic loss but argues that the privity requirement also applies to claims for property damage.

Under Illinois law and the terms of the Uniform Commercial Code, privity of contract is typically a prerequisite to recover damages for breach of implied warranty. *See* 810 ILCS 5/2-314(1), 2-315 & 2-318; *Voelker v. Porsche Cars North Am., Inc.*, 353 F.3d 516, 525 (7th Cir. 2003); *Rothe v. Maloney Cadillac, Inc.,* 119 Ill. 2d 288, 292, 518 N.E.2d 1028, 1029 (1988); *Szajna v. General Motors Corp.*, 115 Ill. 2d 294, 311, 503 N.E.2d 760, 767 (1986). This requirement extends to cases like this one involving claims of property damage. *Bd. of Educ. of City of Chicago v. A, C and S, Inc.*, 131 Ill. 2d 428, 461, 546 N.E.2d 580, 595-96 (1989).

Illinois recognizes only limited exceptions to this requirement. First, the Uniform Commercial Code provision concerning implied warranties extends the implied warranty to a person in the household of the buyer under certain circumstances. 810 ILCS 5/2-318. Second, privity is not required in cases in which the plaintiff claims damages for

personal injuries. *Berry v. G.D. Searle & Co.,* 56 Ill. 2d 548, 558, 309 N.E.2d 550, 556 (1974). The privity requirement is also relaxed when a consumer sues the manufacturer under the Magnuson-Moss Warranty - Federal Trade Commission Improvement Act, 15 U.S.C.A. § 2308, and the manufacturer has extended a written warranty on the product. *Mydlach v. DaimlerChrysler Corp.*, 226 Ill. 2d 307, 332, 875 N.E.2d 1047, 1064 (2007); *Szajna*, 115 Ill. 2d at 315-16, 503 N.E.2d at 769. Finally, privity is not required when the remote manufacturer knows "the identity, purpose and requirements of the dealer's customer and manufactured or delivered the goods specifically to meet those requirements." *Canadian Pacific Ry. Co. v. Williams-Hayward Protective Coatings, Inc.*, No. 02 C 8800, 2005 WL 782698, at *12-13 (N.D. Ill. Apr. 6, 2005) (quoting *Frank's Maintenance & Eng'g, Inc. v. C. A. Roberts Co.*, 86 Ill. App. 3d 980, 992-993, 408 N.E.2d 403, 412 (1980)); *Crest Container Corp. v. R.H. Bishop Co.*, 111 Ill. App. 3d 1068, 1076, 445 N.E.2d 19, 25 (1982).

None of these exceptions applies in this case. Sornson suffered no personal injury, Allstate is not suing under the Magnuson-Moss Act, and there is no suggestion that Sornson had Toyota manufacture the minivan specifically to meet his requirements.

Thus, even though Allstate is suing to recover for property damage, privity between Sornson and Toyota is required for Allstate to sue for breach of implied warranty. Because Sornson bought the minivan from a Toyota automobile dealership and not from Toyota, privity is absent. For this reasons, Allstate's claim for breach of implied warranty (Count 3) fails to state a claim.

## Conclusion

For the foregoing reasons, the Court grants Toyota's motion to dismiss Count 3

of Allstate's complaint for failure to state a claim [docket no. 17].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: September 28, 2009